UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN HUDGINS and JONATHAN RONDENO, on their own behalf and on behalf of those similarly situated,

  Plaintiffs,

vs.

TOTAL QUALITY LOGISTICS, LLC,

  Defendant.  /

Case No.:

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiffs, BRIAN HUDGINS ("HUDGINS") and JONATHAN RONDENO ("RONDENO"), on their own behalf and on behalf of those similarly situated (collectively as "Plaintiffs"), were employees of Defendant, TOTAL QUALITY LOGISTICS, LLC, ("TQL" or "Defendant"), and bring this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### INTRODUCTION

1. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

1

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendant in this case, a freight brokerage firm, violated the FLSA by failing to pay Plaintiffs and other similarly-situated Logistic Account Executive Trainees ("LAET") and Logistic Account Executives ("LAE") time and one half for all of their hours worked over forty (40) each week.

7. This action is intended to include each and every LAET and LAE who worked for Defendant at any location, excluding the state of Ohio, at any time within the past three (3) years.

## PARTIES

8. Plaintiffs, and those similarly situated individuals ("class members"), earned a salary, plus the ability to earn commissions in exchange for work performed as "sales representatives" on behalf of Defendant.

2

9. Plaintiff, RONDENO, was employed by Defendant as an LAET and subsequently as an LAE from on or about February 2015 to November 2015 in Defendant's Orlando, Florida office located at 604 Courtland Street, Suite 350, Orlando, Florida 32804.

10. Plaintiff, HUDGINS, was employed by Defendant as an LAET and subsequently as an LAE from on or about May 2014 to June 2015 in Defendant's Chicago, Illinois office located at 600 W. Van Buren, Suite 325, Chicago, Illinois 60607.

11. Defendant, TQL, is an Ohio Profit Corporation with multiple offices located throughout the United States.

12. TQL does not engage in transportation of goods, but instead provides truckload brokerage services to its customers in need of over the road transportation of their merchandise.

13. TQL "is the middle men of the transportation industry - connecting companies needing products hauled with carriers delivering goods." *See* Defendant's website, *available at* https://www.tql.com/about-us/company-overview.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

15. Defendant, TQL, conducts business in, among others, Cook County, Illinois, therefore venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

16. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

17. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

18. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

## FACTUAL ALLEGATIONS

20. Defendant, TQL, is a company classified as a freight brokerage firm.

21. Defendant, TQL, has a common pay policy and/or pay practice which fails to pay certain non-exempt employees at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

22. Plaintiff, RONDENO was initially employed by TQL in Florida in a training position titled "LAET" for a period of approximately six (6) months earning an annual salary of $35,000.00. Upon completion of the "training" period, RONDENO transitioned to the positon titled "LAE" at which time he performed duties as an inside sales representative earning an annual salary of $35,000.00, plus the ability to earn commissions.

23. Plaintiff, HUDGINS was initially employed by TQL in Illinois in a training position titled "LAET" for a period of approximately six (6) months earning an annual salary of $35,000.00. Upon completion of the "training" period, HUDGINS transitioned to the positon titled "LAE" at which time he performed duties as an inside sales representative earning an annual salary of $35,000.00, plus the ability to earn commissions.

24. As an LAET, Plaintiffs and those similarly situated to them, were subject to an extensive training program of approximately six (6) months in order to ultimately transition into the LAE position.

25. As an LAE, Plaintiffs and those similarly situated to them, were expected to generate sales on behalf of Defendant by cold calling potential customers throughout the United States.

26. Defendant improperly misclassified Plaintiffs, and those similarly situated to them, as exempt from overtime.

27. Defendant failed to record all of the hours worked by Plaintiffs, and those similarly situated to them.

28. Plaintiffs and those similarly situated to them routinely worked in excess of forty (40) hours per week as part of their regular job duties.

29. In fact, the "office hours" or "schedule" required to be worked by the LAETs and LAEs resulted in a total of more than forty (40) hours per workweek.

30. Plaintiffs and other LAETs similarly situated to them were encouraged to work hours in addition to the "office hours" or "schedule" provided to them.

31. Plaintiffs and other LAEs similarly situated to them were encouraged to work hours in addition to the "office hours" or "schedule" provided to them.

32. In addition to the "office hours" or "schedule" required to be worked by LAETs, Plaintiffs and those similarly situated to them were expected to be available 24 hours, 7 days per week in order to respond to Defendant's customers.

33. In addition to the "office hours" or "schedule" required to be worked by LAEs, Plaintiffs and those similarly situated to them were expected to be available 24 hours, 7 days per week in order to respond to Defendant's customers.

34. Plaintiffs and other LAETs similarly situated to them had access to TQL company emails after office hours.

35. Plaintiffs and other LAEs similarly situated to them had access to TQL company emails after office hours.

36. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiffs, and those similarly situated to them, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

37. Upon information and belief, Defendant had/has a company-wide policy of failing to pay its LAETs and LAEs proper overtime compensation for all of their overtime hours worked.

38. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiffs and those similarly situated to them.

39. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

40. Defendant has acted willfully in failing to pay Plaintiffs, and those similarly situated to them, in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-40 above.

42. Plaintiffs, and those similarly situated to them, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

43. Defendant misclassified Plaintiffs, and those situated to them nationwide, as exempt from overtime compensation.

44. During their employment with Defendant, Plaintiffs, and those similarly situated to them, regularly worked overtime hours but were not paid time and one-half compensation for same.

45. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs, and those similarly situated to them, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiffs, and those similarly situated to them, have suffered damages, plus incurring reasonable attorneys' fees and costs.

46. As a result of Defendant's willful violation of the FLSA, Plaintiffs, and those similarly situated to them are entitled to liquidated damages.

47. Plaintiffs are entitled to recover their attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, and those similarly situated employees, demand judgment against Defendant for:

a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him/them for which Defendant did not properly compensate him/them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 7/19/16

Respectfully submitted by,

Kimberly De Arcangelis, Esquire
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Trial Attorneys for Plaintiff