IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HUDGINS, et al., | ) | |
|               Plaintiffs, | ) | Case No. 1:16-cv-07331 |
| -v- | ) | |
| | ) | Judge Martha M. Pacold |
| TOTAL QUALITY LOGISTICS, LLC, | ) | |
| | ) | |
|               Defendant. | ) | |

## JOINT PROPOSED FINAL PRETRIAL ORDER

Pursuant to this Court's Minute Entry dated January 17, 2020 [D.E. 244], and pursuant to Northern District of Illinois Local Rule 16.1.1, Plaintiff, Brian Hudgins, on his own behalf and on behalf of those similarly situated, and Defendant, Total Quality Logistics, LLC ("TQL") jointly submit the following Proposed Final Pretrial Order in advance of the Final Pretrial Conference to be held on March 9, 2020 at 2:00 p.m., and state:

1. This is an action for overtime compensation and the jurisdiction of the court is invoked under 29 U.S.C. § 216(b). Jurisdiction is not disputed.

2. The following stipulations and statements are attached to and made part of this Order:

    a. A comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case and which may be read to the jury by the court or any party:

        i. *See* the attached **Schedule A**.

    b. For jury trials a short agreed description of the case to be read to prospective jurors:

        i. *See* the attached **Schedule B**.

    c. Except for rebuttal exhibits, schedules in the form set out in the attached Schedule (c) of (1) all exhibits (all exhibits shall be marked for identification before trial),

    including documents, summaries, charts and other items expected to be offered in evidence and (2) any demonstrative evidence and experiments to be offered during trial:

        i. Plaintiffs and Defendant filed their respective Exhibit Lists on February 7, 2020 [D.E. 253 and 254]. The Parties make their objections as notated in the attached **Schedule C**.

        ii. Plaintiffs and Defendant agree to share any demonstrative aids to be used during opening by March 20, 2020. Plaintiffs and Defendant agree that they will also share any demonstrative aids to be used during closing prior to closing remarks in order for either party to review and make objections, if any.

d. A list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list.

        i. Plaintiffs and Defendant filed their respective Witness Lists on November 19, 2019 [D.E. 234 and 235]. Plaintiffs object to the testimony of Dr. Malcolm Cohen and have filed a Motion to Strike his testimony which is pending. *See* D.E. 232.

        ii. The Parties have listed all of the witnesses they have disclosed in the attached **Schedule D**. Any objections to these witnesses are notated therein.

    e. Stipulations or statements setting forth the qualifications of each expert witness in such form that the statement can be read to the jury at the time the expert witness takes the stand.

        i. No stipulations as Plaintiffs have moved to strike the one expert disclosed by Defendant. *See* D.E. 232.

        ii. To the extent Dr. Cohen is permitted to testify, Defendant has included a statement setting forth his qualifications in the attached **Schedule E**.

    f. A list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto

        i. *See* the attached **Schedule F-1** (Plaintiffs designations, counter-designations, and objections)[1] and **Schedule F-2** (TQL's designations, counter-designations, and objections).[2]

        ii. Plaintiffs provided deposition designations for fifteen witnesses the morning of March 2, 2020, the date when the Joint Pre-Trial Order was due.[3] As a result, TQL has not yet had sufficient time to review those designations, or to provide any objections or counter-designations. TQL will file an updated Schedule F-2 no later than March 6, 2020 to address

---

[1] Plaintiffs have requested, and Defendant has consented, to an extension of time for Plaintiffs to provide counter-designations and objections as to Richard Blackmon, Amy Collata-Williams, Jacob Smith, Michael Schulenberg, Jimmie Warren, and Zachary Young. Plaintiffs will provide such counter-designations and objections by March 4, 2020 at 10:00 A.M.

[2] As outlined in Plaintiffs' Motion to Enforce Pretrial Stipulation [D.E. 277], the Parties have a dispute over four witnesses called by both Plaintiffs and Defendant on their witness list and whether deposition designations will be necessary. To the extent such designations are necessary, Plaintiffs request the alternative extension sought in that motion.

[3] These witnesses are Mohammad Abour; Seth Abramson; Christopher Billingslea; Andrew Burks; Jaccob Dean; Devin Duggan; Christopher Ferrill; Christopher Flick; Patrick Hood; Brian Hudgins; Clayton Hughes; Mallory Millhouse; Adrianne Schmidt; Chad Warner; and Steven Zidow.

      these witnesses. Plaintiffs consent to TQL providing these objections by March 6, 2020.

g. An itemized statement of damages.

    i. Since this trial was bifurcated between liability and damages, there are no damages being discussed and sought in the liability phase here.

h. For a jury trial, each party shall provide the following:

    i. [Trial Briefs were not ordered by the Court];

    ii. One set of marked proposed jury instructions, verdict forms and special interrogatories, if any. Per the Court's previous Order [D.E. 256] the Parties filed their respective proposed jury instructions on February 24, 2020 as well as briefs regarding the proposed jury instructions. *See* D.E. 270, 271, and 272. Plaintiffs' proposed Verdict Form is attached hereto as **Exhibit G**. Defendant previously filed its proposed Verdict Form at D.E. 270-3. For the Court's convenience, Defendant has attached the same copy hereto as **Exhibit H**.

    iii. [A list of the questions the party requests the court to ask prospective jurors in accordance with Fed.R.Civ.P. 47(a) was not ordered by the Court];

i. A statement that each party has completed discovery, including the depositions of expert witnesses (unless the court has previously ordered otherwise). Absent good cause shown, no further discovery shall be permitted;

    i. The Parties agree that discovery has been completed

    j. Subject to full compliance with all the procedural requirements of Rule 37(a)(2), a brief summary of intended motions in limine. Any briefs in support of and responses to such motions shall be filed as directed by the Court.

        i. Plaintiffs and Defendant filed their respective Motions in Limine on February 18, 2020. *See* D.E. 264 and 265. Plaintiffs and Defendant responded to the opposing Parties' Motions in Limine on February 28, 2020. *See* D.E. 273 and 276.

3. Trial of this case is expected to take two weeks and is set to begin March 30, 2020.
4. This matter is to be tried to a jury.
5. The Parties disagree on the number of jurors. Plaintiffs recommend that eight jurors be selected; Defendant recommends that ten jurors be selected.
6. The Parties agreed to bifurcation of liability and damages, and this trial is in the liability phase to determine whether the LAET and/or LAE positions were misclassified as exempt, and if so, whether such a violation was willful.
7. The Parties do not consent to this case being reassigned to a magistrate judge for trial.
8. This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.
9. Possibility of settlement of this case was considered by the parties.

_____
The Honorable Martha M. Pacold
United States District Judge

Respectfully submitted,

| | |
|---|---|
| */s/ Kimberly De Arcangelis* | */s/ Gregory M. Utter* |
| Kimberly De Arcangelis, Esq. | Gregory M. Utter *(admitted pro hac vice)* |
| C. Ryan Morgan, Esq. | Bryce J. Yoder *(admitted pro hac vice)* |
| MORGAN & MORGAN, P.A. | Keating Meuthing & Klekamp, PLL |
| 20 N. Orange Ave., 14th Floor | One E. Fourth Street, Suite 1400 |
| Orlando, FL 32801 | Cincinnati, Ohio 45202 |
| Telephone: (407) 420-1414 | Telephone: (513) 579-6538 |
| Facsimile: (407) 245-3383 | |
| | Matthew A. Bills |
| *Attorneys for Plaintiffs* | Barack Ferrazzano Kirschbaum & Nagelberg LLP |
| | 200 W. Madison St., Ste. 3900 |
| | Chicago, Illinois 60606 |
| | Telephone: (312) 629-7493 |
| | |
| | *Attorneys for Defendant Total Quality Logistics, LLC* |