UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN HUDGINS, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> TOTAL QUALITY LOGISTICS, LLC, ) <br> ) <br> Defendant. ) | Case No: 16-cv-7331 <br> Judge Martha M. Pacold <br> Magistrate Judge Susan E. Cox |

**MEMORANDUM OPINION AND ORDER**

Defendant Total Quality Logistics, LLC's ("TQL") Motion for Protective Order [344] is denied. Defendant is ordered to respond to Plaintiffs' discovery requests within 14 days of this order. The Court sets the following briefing schedule on Plaintiffs' Motion for Sanctions [328]: Defendant's response brief is due 2/11/22; Plaintiff's reply is due 2/25/22.

**BACKGROUND**

Plaintiffs allege TQL violated the Fair Labor Standards Act ("FLSA") by improperly classifying TQL's Logistics Account Executives ("LAEs") and Logistics Account Executive Trainees ("LAETs") as exempt from the FLSA's overtime requirements. [Dkt. 1.] Two central issues in this suit are: 1) whether TQL's alleged violation was "in good faith and that [it] had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]," 29 U.S.C. § 260; and 2) whether TQL's alleged violations were willful; *see* 29 U.C.C. § 255.

During discovery, the following requests and responses were propounded by the Plaintiffs and TQL, respectively:

> If Defendant has been sued or investigated by any individual(s) or the U.S. Department of Labor or has received a claim by or demand from any employee regarding minimum wage or overtime compensation, state the name of the claimant(s) for the suit, claim

1

> and/or investigation and describe in detail the claimant's position or title, factual basis of the suit, claim and/or investigation. Identify any such claim by claim number or case number, case or claim caption and venue where proceedings took place.
>
> **RESPONSE**: **No such documents exist.**

[TQL's Response to Plaintiffs' Am. First Request for Production ("RFP") 47, Dkt. 328, Ex. B.]

> If Defendant has been sued or investigated by any individual(s) or the U.S. Department of Labor or has received a claim by or demand from any employee regarding minimum wage or overtime compensation, state the name of the claimant(s) for the suit, claim and/or investigation and describe in detail the claimant's position or title, factual basis of the suit, claim and/or investigation. Identify any such claim by claim number or case number, case or claim caption and venue where proceedings took place.
>
> **ANSWER: Objection. Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks all information from unrelated lawsuits regardless of whether such documents are relevant to any claim or defense in this litigation. Defendant further objects on the grounds such information is available by undertaking a relatively simple public records search.**

[TQL's Response to Plaintiffs' Amended First Set of Interrogatories, Number 9, Dkt. 328, Ex. D.]

Plaintiffs took TQL up on its suggestion and issued a Freedom of Information Act ("FOIA") request for records from the United States Department of Labor ("DOL") relating to TQL. [Dkt. 358 at 3.] Approximately six weeks before this case was set to go to trial, Plaintiffs received a response from the DOL, which indicated that the DOL had investigated TQL's Columbus, Ohio branch in 2017 (the "Columbus Investigation") to determine whether LAEs were properly classified as exempt employees, and TQL's Tampa, Florida branch in 2018 (the "Tampa Investigation") to determine whether LAEs and LAETs were properly classified as exempt employees. [Dkt. 358-1.]

In the Tampa Investigation, TQL maintained that LAEs and LAETs are exempt employees under the administrative exemption, executive exemption, or highly compensated employee

exemption. [Dkt. 358-1 at 7.] The DOL denied the administrative exemption, did not reach the executive exemption, and found that no more than 10 employees were likely to qualify for the highly compensated employee exemption. [*Id.* at 8-9.] The DOL Wage and Hour Investigator recommended that the investigation be considered "for review for vetting processes" with the Regional Office or Regional Office of the Solicitor. [Dkt. 328-5 at 15.] In the Columbus Investigation, the DOL dropped the investigation and made no findings regarding exemptions due to the private class action lawsuit already pending that would determine the same exemptions. [Dkt. 358-1 at 16.]

Upon reviewing the DOL FOIA materials, Plaintiff filed a motion for sanctions against TQL, based on TQL's representation that no documents existed in its response to RFP 47. [Dkt. 328.] That motion was referred to this Court by the District Judge. Following a hearing, this Court ordered Plaintiff to subpoena the DOL "for records relating to the relevant investigation as soon as possible" and also ruled that "Plaintiffs are also permitted to serve written discovery on Defendant related to the relevant DOL investigation and Defendant's knowledge thereof." [Dkt. 342.] Pursuant to the Court's order, Plaintiff's served discovery requests on TQL related to the DOL investigations. In response, TQL filed the instant motion for protective order. TQL argues that it should not have to respond to the discovery requests because: 1) they seek irrelevant information; 2) they seek documents and communications protected by the attorney-client privilege; and 3) the documents and communications they seek are protected by Federal Rule of Evidence 408. For the reasons discussed below, the Court rejects these arguments and denies TQL's motion.

**DISCUSSION**

I.  **RELEVANCE**

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of all relevant, non-

3

privileged material, provided it is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Federal Rule of Evidence 401(a). Federal Rule of Civil Procedure 26(c) allows the Court to enter a protective order to protect a party from undue burden, expense, or annoyance.

Although liquidated damages are the default for FLSA violations, a court may choose not to award liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing his act or omission was not in violation of the [FLSA]." 29 U.S.C. § 260. "The good faith defense requires proof of the employer's subjective intent to comply with the Act, **as well as evidence of objective reasonableness in the employer's application of the Act**." *Castro v. Chicago Housing Authority*, 360 F.3d 721, 730 (7th Cir. 2004) (emphasis added) (citing *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 561-62 (6th Cir.1996)). "A good heart but an empty head does not produce a defense; objective criteria are highly valued here as in other inquiries into 'good faith,' not the least because corporations . . . do not have subjective mental states." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 312 (7th Cir. 1986) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815-20, 102 S.Ct. 2727, 2736-39 (1982)).

The documents and communications relating to the DOL investigations are clearly relevant to the objective reasonableness of TQL's classification of the LAEs and LAETs, and should be produced. In order to prove its good faith defense, TQL need not only prove that it subjectively believed that its classifications were correct, but that the classifications were objectively

4

reasonable. The DOL investigators' explanations of the job duties of LAEs and LAETs analysis of the potential exemptions would help a jury determine whether TQL's reading of the FLSA exemptions was objectively reasonable.[1] In other words, these documents have the tendency to make it more or less probable that TQL's decision to classify LAEs and LAETs as exempt employees was objectively reasonable – *i.e.*, they are relevant. Although the filings did not discuss the issue very much, the Court also finds that the likely relevance of the proposed discovery outweighs the burden of production. The documents are very important to the issue of whether TQL's belief that LAEs and LAETs were exempt from the FLSA's overtime requirements was objectively reasonable, which TQL must prove to sustain its good faith defense. The burden and expense of production appears to be fairly limited and the Court finds that a protective order is not appropriate in this instance.

TQL's arguments to the contrary are not persuasive. First, TQL asserts that the discovery is not relevant because the exemption decision took place before the DOL investigations began, and, therefore, the DOL investigations could not have affected TQL's decision-making. This presupposes that TQL's subjective knowledge and understanding of the FLSA is the only relevant inquiry for purposes of the good faith defense. As noted above, there is also an objective component to the good faith defense that TQL must prove and Plaintiffs must be given the opportunity to rebut. The Court rejects this argument.

Second, TQL argues that the documents are not relevant because "TQL was never notified that the DOL had found a violation that might have impacted TQL's classification decisions." [Dkt. 345 at 7.] Again, this presumes that the only dispositive issue is whether TQL had a

---

[1] The documents may also bear on the subjective prong of the good faith defense, depending on the contents of TQL's internal communications. To be clear, this Memorandum Opinion and Order is not intended to limit relevance of such documents to the objective prong of the good faith defense, but only highlights the most obvious relevance of the discovery for purposes of this motion.

subjective good faith belief the exemptions were justified, but the law in the Seventh Circuit requires proof that TQL had objectively reasonable grounds for believing it had properly classified the LAEs and LAETs. As such, the Court also rejects this argument.

Third, TQL maintains that the discovery is not relevant because the DOL investigations do not represent a final, official finding by the DOL that TQL violated the FLSA. Assuming without deciding that TQL is correct, the DOL investigation documents and communications relating to them would be relevant, nonetheless. The Court does not believe the evidence must constitute a final agency decision by the DOL to fit within the broad definition of relevance under the Federal Rules of Evidence or the Federal Rules of Civil Procedure. The DOL analyzing the same job titles at issue here, examining the same exemptions, and recounting its discussions with TQL's in-house and outside counsel regarding same would all tend to make TQL's good faith defense more or less probable. Likewise, TQL's internal communications regarding these investigations may yield relevant evidence. As discussed above, that relevance is not outweighed by the expense or burden of production. Certainly, a final agency finding would have more probative value than the documents at issue here, but that goes to the weight of the evidence, not its relevance. The only issue in front of this Court is whether the discovery is relevant, and if that relevance is outweighed by any of the factors listed in Rule 26(b)(1). The Court does not accept TQL's argument to the contrary and denies the motion on this basis.

Finally, TQL argues that the discovery is not relevant because none of the class plaintiffs were covered by either the Columbus Investigation or the Tampa Investigation. Once more, this argument goes to the probative weight of the discovery, not its relevance. Because the Columbus Investigation and the Tampa Investigation cover the same job title and FLSA exemptions, the discovery sought has the tendency to prove TQL lacked an objectively reasonable believe its actions did not violate the FLSA. While TQL might contend the discovery has little probative

6

value because it does not relate to the specific plaintiffs in this case, that argument is best left for a motion *in limine* based on Federal Rule of Evidence 403, not a motion for protective order. The discovery at issue here is relevant, and the Court denies the motion for protective order.

## II. PRIVILEGE

Next TQL argues the Court should grant the motion to protective order because Plaintiffs' discovery requests seek documents and communications protected by the attorney-client privilege. The Court denies the motion without prejudice on procedural grounds. The Federal Rules of Civil Procedure state that a party seeking to withhold information due to the attorney-client privilege must expressly claim the privilege and then "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). In other words, the appropriate move here was for TQL to make its production, assert privilege over the documents it believes are privileged, and produce a privilege log that complies with Rule 26(b)(5). The motion is denied without prejudice until TQL does so.

The Court notes that according to TQL, Plaintiffs claimed during the meet and confer process that TQL's assertion of the good faith defense waived its right to assert the attorney-client privilege. However, TQL has specifically disclaimed an "advice of counsel" defense in this case, which is the only way in which the good faith defense would constitute a waiver of the attorney-client privilege.[2] The Court does not believe that TQL waived the attorney-client privilege, and it may withhold privileged documents from its production.

## III. FRE 408

TQL also claims that it entitled to a protective order because the proposed discovery seeks

---

[2] The DOL investigation documents' summary of discussions between TQL counsel and the DOL investigators is not tantamount to a waiver of the attorney-client privilege. [*See* Dkt. 358 at 15 n.14.]

documents and communications protected by Federal Rule of Evidence 408. Federal Rule of Evidence 408 only concerns the admissibility of settlement communications, not their discoverability. As such, it is not relevant here and not a valid basis for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

## IV.   ATTORNEYS' FEES

Federal Rule of Civil Procedure 26(c)(3) states that Rule 37(a)(5) applies to awarding expenses for a motion for protective order. Rule 37(a)(5)(B) states: "[i]f the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." The parties are ordered to address the issue of attorneys' fees in their upcoming briefing on the motion for sanctions; that briefing will constitute TQL's opportunity to be heard pursuant to Rule 37(a)(5). The Court notes that the discovery at issue was specifically permitted by this Court in its minute order of July 14, 2021. [Dkt. 342.] Moreover, the District Judge was so concerned by TQL's failure to identify the DOL investigations or produce documents related to them that she stopped proceedings and referred the motion for sanctions to this Court only a few weeks before trial was set to begin. Instead of obeying this Court's order permitting discovery, TQL filed the extremely thin motion presently before the Court, thereby delaying resolution of this suit by several months. The Court does not prejudge the issue, but notes that TQL will have a very difficult time persuading this Court that the instant motion was substantially justified.

## CONCLUSION

Defendant Total Quality Logistics, LLC's ("TQL") Motion for Protective Order [344] is denied. Defendant is ordered to respond to Plaintiffs' discovery requests within 14 days of this

8

order. The Court sets the following briefing schedule on Plaintiffs' Motion for Sanctions [328]:

Defendant's response brief is due 2/11/22; Plaintiff's reply is due 2/25/22.


ENTERED: 1/21/2022

_____
United States Magistrate Judge
Susan E. Cox