**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**BRIAN HUDGINS, on his own behalf
and on behalf of those similarly
situated,**

       **Plaintiffs,**                         **CASE NO.:  1:16-CV-7331 16-CV-7331**

**vs.**

**TOTAL QUALITY LOGISTICS, LLC,**

       **Defendant.**                **/**

**PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND
INCORPORATED MEMORANDUM OF LAW**

Pursuant to this Court's Report and Recommendation (R&R) entered by Magistrate Judge Susan Cox on June 1, 2022, (D.E. 388), Plaintiff, BRIAN HUDGINS, on behalf of himself and those individuals who have joined and remain in this matter ("Plaintiffs") moves this Court for entry of an award of attorneys' fees, as follows:

**BACKGROUND**

Plaintiffs are the prevailing party in this matter.  On June 1, 2022, Judge Cox entered an R&R granting Plaintiffs' Amended Motion for Sanctions [D.E. 372], which, among other sanctions, ordered Defendant, TOTAL QUALITY LOGISTICS, LLC ("TQL" or "Defendant") to pay Plaintiffs' reasonable attorneys' fees related to drafting, preparing, and filing Plaintiffs' Response to Defendant's Motion for Protective Order. *See* D.E. 388, p. 10. In addition, Judge Cox recommended that "TQL be ordered to pay Plaintiffs' attorneys' fees for Plaintiffs' original Motion for Sanctions, the instant Motion for Sanctions, Plaintiffs' Motion to Reopen Discovery and the hearing and status conference on same, and Plaintiffs' fees

incurred in conducting the additional discovery related to the DOL investigations, all of **which flowed from TQL's failure to provide complete and correct responses to Plaintiffs' discovery requests**." *Id.* at p. 11 (emphasis added).  Judge Cox ordered Plaintiffs' counsel to serve TQL's counsel with an itemized bill for attorneys' fees within seven (7) days of the R&R.  *Id.* at fn 1. If the parties were unable to agree after conferring, Plaintiffs and TQL were ordered to file their respective petition/objections by on or before June 22, 2022. *Id.* The parties were unable to resolve the attorneys' fees at issue, requiring Plaintiffs to file the instant Motion.  In support, Plaintiffs also attach the declarations of Attorney Kimberly De Arcangelis ("De Arcangelis Decl.") as **Exhibit A,** of Attorney Jolie Pavlos ("Pavlos Decl.") as **Exhibit B** and of C. Ryan Morgan ("Morgan Decl.") **as Exhibit C**.

The declarations provided provide the Court with the requisite itemized statement of the time and labor expended on this case related to the issues and attorneys' fees this Court ordered/recommended TQL to pay to Plaintiffs. The Declarations contain a certification that the Declarants have fully reviewed the time records that are the supporting data for the Declarations and that the hours claimed are well grounded in fact and justified.  *See* Pavlos Decl. at ¶ 8; De Arcangelis Decl. at ¶ 9; Morgan at ¶ 9. Timesheets confirming same have been attached and the entries differentiate the legal work that was completed in this matter. The total hours expended at the time Plaintiffs' counsel attempted to resolve their attorneys' fees pursuant to Judge Cox's R&R totaled 182.5 attorney hours and 4.1 paralegal hours totaling fees in the amount of **$104,371.50**.  Plaintiffs' counsel have incurred an additional **$7,613.00** in fees for time spent leading up to (including negotiating) now petitioning for the attorneys' fees at issue, which results in an overall total of **$111,984.50** expended. *See* De Arcangelis Decl. at ¶ 23-24.

For the reasons set forth below and pursuant to this Court's June 1, 2022 R&R, Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs in the total amount of **$111,984.50**.

## MEMORANDUM OF LAW

### A.      Plaintiffs as the Prevailing Party are Entitled to the Attorneys' Fees Expended

A prevailing plaintiff's attorney's fee is mandatory.  *See* 29 U.S.C. §216(b); *see also LeTourneau v. Pan Am. Fin. Servs., Inc*., 151 F.3d 1033 (7th Cir. 1998).  Plaintiff is the prevailing party in this case as the Court entered an Order and R&R requiring Defendant to pay Plaintiffs their reasonable fees related to TQL's Motion for Protective Order and those "which flowed from TQL's failure to provide complete and correct responses to Plaintiffs' discovery requests."  *See* D.E. 388, p. 10-11.  There is a 'strong presumption' that the lodestar figure, without any adjustment, is the reasonable fee award."  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Sworn testimony by counsel that the hours were spent in litigating this case is evidence of considerable weight of the time required.  *See Valerio v. Total Taxi Repair & Body Shop, LLC*, 82 F. Supp. 3d 723, 732 (N.D. Ill. 2015), amended, No. 12 C 9985, 2015 WL 3962573 (N.D. Ill. June 25, 2015) (attorneys' own affidavits may be used as evidence in determining fee award). Defendants bear the burden of showing that a reduction in the lodestar calculation is appropriate. *Robinson v. City of Harvey,* 489 F.3d 864, 872 (7th Cir.2007). The prevailing party is also entitled to attorneys' fees for time spent litigating an attorney's fee award.  *See Valerio,* 83 F. Supp. 3d at 745.

### B.      The Lodestar Method

Reasonable attorneys' fees may be determined using the lodestar approach. *Hensley v.*

*Eckerhart,* 461 U.S. 424, 433 (1983). Multiplication of the number of hours reasonably expended on the merits of the litigation by the reasonable hourly rate equals the lodestar. *Small v. Richard Wolf Med. Instruments Corp.,* 264 F.3d 702, 707 (7th Cir. 2001). The lodestar calculation is presumed to yield a reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992). The Seventh Circuit has applied the *Hensley* framework to fee-award determinations for claims brought under the FLSA. *See Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544 (7th Cir. 1999). Once the lodestar amount has been determined, the Court may adjust the award based on a number of factors, including "the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Gastineau v. Wright,* 592 F.3d 747, 748 (7th Cir.2010). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Id.* (quoting *Connolly v. Nat'l. Sch. Bus Serv., Inc.,* 177 F.3d 593, 597 (7th Cir.1999)). When making reductions, a court cannot simply "eyeball the fee request and cut it down by an arbitrary percentage because it seemed excessive to the court." *People Who Care v. Rockford Bd. of Educ.,* 90 F.3d 1307, 1314 (7th Cir.1996) (citations and internal quotation marks omitted). Rather, it must provide a "concise but clear explanation of its reasons" for any reduction. *Uphoff v. Elegant Bath. Ltd.,* 176 F.3d 399, 409 (7th Cir.1999).

Multiple lawyers billing for the same task does not mean that the hours should be deducted. *Gibson v. City of Chi.,* 873 F.Supp.2d 975, 989 (N.D.Ill.2012); *see also Tchemkou v. Mukasey,* 517 F.3d 506, 511–12 (7th Cir.2008) ("The practice of law often, indeed usually, involves significant periods of consultation among counsel. Talking through a set of authorities or seeking advice on a vexing problem is often significantly more efficient than one attorney's [sic] trying to wade through the issue alone."). Counsel for prevailing plaintiffs

4

should be paid as is traditional with attorneys compensated by a fee paying client for all time reasonably expended on a matter and for all expenses forwarded on the plaintiff's behalf. *See Blanchard v. Bergeron,* 489 U.S. 87, 91 (1989). The party seeking attorneys' fees bears the burden of documenting the appropriate hours expended. *See Hensley,* 461 U.S. at 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

## ARGUMENT[1]

### A. Plaintiffs' Counsels' Hours Related Those Awarded in the R&R are Reasonable

Plaintiffs' counsels' claimed hours are reasonable and were only expended as a result of Defendant's sanctionable conduct. As Judge Cox recognized, "TQL's litigation posture in this case has been consistently in bad faith." *See* D.E. 388, p. 12. Also, "it is undisputed that TQL was aware of both [DOL] investigations and had communications it its possession relating to the investigations" when it chose to conceal their existence, which ultimately led to Plaintiffs' original Motion for Sanctions. *Id.* at p. 4. Even after being told that Plaintiffs' Motion for Sanctions was warranted and that the discovery surrounding the DOL investigations was relevant, TQL continued its attempts to conceal documents and information related to the DOL investigations by filing a frivolous Motion for Protective Order ("MFPO"). *Id.* at p. 5. As such, Judge Cox appropriately ordered and/or recommended that TQL pay Plaintiffs' attorneys' fees expended, not only related to TQL's frivolous MFPO, but for all other fees which "flowed from **TQL's failure to provide complete and correct responses to Plaintiffs' discovery requests**." *Id.* at p. 11 (emphasis added). Upon conferring, TQL informed that its position is that Plaintiffs are not entitled to any fees related

---

[1] Plaintiffs' do not provide argument related to the hourly rates charged since TQL informed that it does not dispute such rates. The only dispute is over the number of hours expended.

to TQL's Motion to Compel Plaintiffs' Counsel to Destroy Email ("Motion to Compel") or TQL's Motion for Stay Regarding Decision on Plaintiffs' Sanctions Motion and for Leave to Conduct Additional Discovery ("Motion to Stay"), and that several other hours requested were excessive. *See* De Arcangelis Decl., ¶ 12. Plaintiffs disagree.

### ii.     All Fees Related to TQL's Motion to Compel and Motion to Stay Flowed from TQL's Sanctionable Conduct

Although Judge Cox did not explicitly mention TQL's Motion to Compel or Motion to Stay in her R&R awarding Plaintiffs' attorneys' fees, she explicitly justified the fees awarded as fees "which flowed from TQL's failure to provide complete and correct responses to Plaintiffs' discovery requests." As such, the requested fees must also be included. TQL unreasonably expects Plaintiffs to incur these disputed fees without reimbursement when, but for TQL's bad faith and sanctionable conduct, Plaintiffs would not have incurred such fees. Simply put, it would be unreasonable and unequitable expect Plaintiffs to bear such fees under the circumstances created by TQL.

First, although TQL's Motion to Compel Plaintiffs' Counsel to Destroy Inadvertently Produced E-Mail was granted, this Court specifically held that Plaintiffs were "substantially justified in arguing that TQL had failed to take reasonable steps to prevent disclosure" of the otherwise privileged email. *See* D.E. 379, p. 8. TQL will likely argue that because its Motion was granted, Plaintiffs' should not be awarded fees as a prevailing party on this issue. However, Plaintiffs' overall success also favors an award of the fees requested. The Supreme Court has given guidance on the extent to which a fee should be adjusted when a plaintiff wins on some claims and loses on others. *See Hensley,* 461 U.S. at 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). First, it is necessary to see whether the claims on which the plaintiff won

6

and the claims on which the plaintiff lost are related. If they employ "a common core of facts or [are] based on related legal theories," the court should consider "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. Additionally, but for TQL's repeated attempts to conceal the relevant documentation and information which Plaintiffs' were only able to obtain through Court intervention, the inadvertent email dispute likely never would have existed. Plaintiffs expended a total of $9,180.00 in attorneys' fees related to TQL's Motion to Compel and related briefing. *See* De Arcangelis Decl., ¶ 15. Nevertheless, to avoid incurring additional attorneys' fees litigating entitlement to such fees, Plaintiffs ultimately offered to reduce the overall fees expended by the entire $9,180.00. *Id.* at ¶ 15-17. However, TQL has not responded to such offer. *Id.* at ¶ 17. Even though Plaintiffs were willing to compromise these fees to avoid filing the instant motion, because TQL refuses to compromise and such fees flowed from TQL's failure to provide complete and correct responses to Plaintiffs' discovery requests, Plaintiffs seek to recover the $9,180.00 here.

Next, in an attempt to harass Plaintiffs' counsel and to further delay this matter, TQL filed a frivolous Motion for Stay Regarding Decision on Plaintiffs' Motion for Sanctions and for Leave to Conduct Additional Discovery, in particular, to take Attorney De Arcangelis' deposition related to her knowledge of the DOL investigations. *See* D.E. 382. This Court appropriately denied TQL's Motion. *See* D.E. 386. The fees incurred related to TQL's Motion for Stay undoubtedly flowed from TQL's failure to provide complete and correct responses to Plaintiffs' discovery requests and to TQL's continued attempts to delay this matter. *See* De Arcangelis Decl. at ¶¶ 9 and 19; Pavlos Decl. at ¶¶ 8, 10 and 12; Morgan Decl. at ¶¶ 9-11. If TQL had produced appropriate discovery responses related to the DOL investigations,

Plaintiffs would not have been forced to file, among other Motions, their Motion for Sanctions or Amended Motion for Sanctions. Accordingly, TQL would have had zero reason to file a Motion to Stay this Court's Decision on Plaintiffs' Sanctions Motion (which would not have existed) or to question Attorney De Arcangelis' knowledge regarding the precise information TQL (not Plaintiffs) had a duty to, but fought to conceal. Plaintiffs should not be forced to incur such fees without reimbursement from TQL. Plaintiffs' counsel expended and should be awarded a total of $8,390.00 in attorneys' fees related to TQL's Motion for Stay Regarding Decision on Plaintiffs' Sanctions Motion and for Leave to Conduct Additional Discovery. *See* De Arcangelis Decl. at ¶¶ 18-19; *see also* Exhibit 1 attached to Attorney De Arcangelis Declaration.

### iii. The Hours Expended on The "Other" Tasks TQL Agrees Are Within the Court's R&R Award Are Reasonable

Next, TQL disputes several "other" hours billed by Plaintiffs' counsel as excessive or duplicative. *See* De Arcangelis Decl. at ¶ 20. TQL provided a marked up version of Plaintiffs' counsels' timesheets. *Id.* at ¶ 13. TQL did not provide a specific objection or reason for each disputed time entry, but rather only provided a handwritten indication of the amount of time, if any, TQL believes Plaintiffs should have billed for certain time entries[2]. *Id.* Plaintiffs' counsel reviewed the timesheets submitted to TQL and those which were marked up by counsel for TQL and in an effort to avoid incurring additional attorneys' fees litigating fees, offered to reduce Attorney De Arcangelis' other fees by 7.8 hours leaving a balance of 19.1 hours in dispute, to reduce Attorney Pavlos' other fees by 8 hours leaving a balance of 8.6

---

[2] Per Attorney De Arcangelis' calculation, TQL only reduced Attorney Morgan's "other hours" by 1.5 hours related to 1.5 hours billed by Attorney Morgan on 2/16/21 for "Reviewing and editing response to motion for destruction and amended Motion for Sanctions." *See* Ex. 1, at De Arcangelis Decl. Based on the arguments herein, Plaintiffs believe 100% of such fees are reasonable and justified.

hours in dispute, and to reduce Attorney Morgan's other fees by .75 hours leaving a balance of .75 hours in dispute. *Id*. at ¶¶ 15, 20-21. However, TQL has rejected such offer. *Id.* at ¶ 21.

The "other" hours reflected in the timesheets are also reasonable and justified. *See* De Arcangelis Decl. at ¶ 9, 10 and 22; Pavlos Decl. at ¶¶ 8-12, Morgan Decl. at ¶¶ 9-11. The facts and circumstances that led to the Motion for Sanctions and subsequent briefings that flowed from TQL's initial discovery violation required extensive research and briefing, most of which, Attorney De Arcangelis, Attorney Pavlos and Attorney Morgan have not had to engage in during their legal careers. *See* De Arcangelis Decl. at ¶ 22. However, due to the complexity of the numerous issues, each of attorney was required to expend the hours reflected in the timesheets during the collaborative process. *Id.; see also* Pavlos Decl. at ¶¶ 11-12; Morgan Decl. at ¶ 11. TQL's handwritten notation of the number of hours TQL arbitrarily believes *should have been* billed for such disputed entries does not provide proper justification for a reduction of the hours expended by Plaintiffs' counsel as a result of TQL's bad faith conduct. *See Robinson,* 489 F.3d 864, 872 (7th Cir.2007) (Defendants bear the burden of showing that a reduction in the lodestar calculation is appropriate).

B. **Plaintiffs' Counsel Hours Spent Leading up to and Preparing the Fee Petition is Reasonable and Recoverable**

Plaintiffs as the prevailing party are also entitled to attorneys' fees for time spent litigating an attorney's fee award. *See Valerio,* 83 F. Supp. 3d at 745. Here, the attorneys' fees requested pursuant to Judge Cox's R&R were reasonable and justified. *See* Pavlos Decl. at ¶ 8; De Arcangelis Decl. at ¶ 9. Despite same, Plaintiffs made attempts to resolve the attorneys' fees at issue by reducing the fees requested in order to avoid incurring additional fees spent litigating fees. *See* De Arcangelis' Declaration at ¶ 15-17, 21. However, TQL stood

firm on its only offer and did not entertain Plaintiffs' attempts to negotiate a reduction. *Id.* at 17, 21. As such, Plaintiffs' were forced to file the instant motion seeking an award of their attorneys' fees. The hours spent leading up to and now petitioning for the attorney' fees at issue are well grounded in fact and justified. *Id.* at ¶ 23. Plaintiffs are therefore entitled to recover the additional $7,613.00 in attorneys' fees requested.

## CONCLUSION

All attorneys' fees expended by Plaintiffs were incurred as a result of TQL's bad faith and sanctionable conduct and were therefore contemplated by this Court's June 1, 2022, R&R. The fees were reasonably incurred and should be awarded based on the complexity and seriousness of the legal issues involved and the overall success of Plaintiffs' counsel. The fees incurred related to hours spent leading up to and in preparing the instant motion for an attorneys' fee award are also reasonable and recoverable. Accordingly, Plaintiffs respectfully submit that they should be reimbursed for all reasonable attorneys' fees incurred pursuant to this Court's Order and R&R entered on June 1, 2022, and the fees in seeking the instant award.

WHEREFORE, Plaintiffs respectfully request that the Court award them reasonable attorneys' fees in the amount totaling **$$111,984.50**.

Dated: June 22, 2022

*/s/ Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
Florida Bar No.: 0025871
C. Ryan Morgan, Esq.
Florida Bar No.: 0015527
Jolie N. Pavlos, Esq.
Florida Bar No.: 0125571
MORGAN & MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801

Telephone:    (407) 420-1414
Facsimile:    (407) 245-3383
Email: kimd@forthepeople.com
          rmorgan@forthepeople.com
          jpavlos@forthepeople.com
Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing document has been furnished to the Clerk of the Court using the CM/ECF System which I understand will send notice to all counsel of record, this 22nd day of June, 2022.

          */s/ Kimberly De Arcangelis*
          Kimberly De Arcangelis, Esq.