**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**BRIAN HUDGINS, on his own behalf**
**and on behalf of those similarly**
**situated,**

                                        **CASE NO.: 1:16-CV-7331**

        **Plaintiffs,**

**vs.**

**TOTAL QUALITY LOGISTICS, LLC,**

        **Defendant.**                         /

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

1

**PRELIMINARY INSTRUCTIONS (BEFORE EVIDENCE)**

**(AFTER EVIDENCE)**
**INSTRUCTION NO. 1**

*Expert Witnesses*

The Defendant has designated a witness who is expected to provide testimony regarding an observation he conducted at two of Defendant's offices. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given this testimony does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given, the witness's qualifications, and all of the other evidence in the case.

Source:        Seventh Circuit Civil Pattern Jury Instruction 1.21; [D.E. 420-1, at 42-43].

Proponent:      _____
Objection:      _____

**INSTRUCTION NO. 2**

*Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq. – Generally*

In this case, Plaintiffs claim that Defendant did not pay Plaintiffs the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA. Defendant claims that it was not required to pay overtime to Plaintiffs as either LAETs or LAEs because both classes of Plaintiffs are exempt employees and therefore the FLSA does not require Defendant to pay them overtime.

Plaintiffs and Defendant agree that if no exemption applies for either the LAET class or the LAE class, then Plaintiffs are entitled to overtime pay for those respective time periods. Plaintiffs and Defendant also agree that, if an exemption does apply to both the LAET and LAE classes, then Plaintiffs are not entitled to overtime pay.

In this case, the Defendant claims that Plaintiffs are exempt from the FLSA's overtime provisions by the administrative exemption. To establish that Plaintiffs are exempt, Defendant must prove the three following facts by a preponderance of the evidence:

*First*, that Plaintiffs were compensated on a salary basis on a rate not less than $455 per week; and

*Second*, that Plaintiffs' primary duty was the performance of office or non-manual work directly related to the management or general business operations of defendant or defendant's customers; and

*Third*, that Plaintiffs' primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

The term "primary duty" means the principal, main, major or most important duty that plaintiff performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

Here, the Parties agree that Plaintiffs were paid a salary which satisfies element one. To find that the LAETs and LAEs are both exempt employees, you must find that Defendant proved both element two and three as to the LAET class and the LAE class.

Source:          Based on Eleventh Circuit Pattern Jury Instructions (Civil Cases) § 4.14 (simplified, edited and modified to account for stipulations and facts of case); 29 C.F.R. § 541.200; 29 C.F.R. § 541.700

Proponent:     _____

Objection:      _____

**INSTRUCTION NO. 3**

*Waiver*

Federal law prohibits employers and employees from making any agreements that "waive" the employees' legal rights to overtime pay. Any such agreements are against public policy and are unenforceable. Employers are responsible for ensuring that their employees are paid in compliance with the applicable overtime pay laws. Therefore, if an employee accepts a job that pays on a salaried basis only, this does not prevent the employee from being legally entitled to overtime pay. This also does not prevent the employee from later seeking overtime pay through a legal claim.

Source:    *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945) ("FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate."); 29 C.F.R. § 791.2(a) ("employers are responsible . . . for compliance with all of the applicable provisions of the act, including the overtime provisions")

Proponent:    _____
Objection:    _____

# INSTRUCTION NO. 4

*"Directly Related to Management or General Business Operations"*

To qualify for the administrative exemption, the Defendant will have to prove that both the LAET and LAE's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers. The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.

An employee may qualify for the administrative exemption if the employee's primary duty is the performance of work directly related to the management or general business operations of the employer's customers. Thus, for example, employees acting as advisers or consultants to their employer's clients or customers (as tax experts or financial consultants, for example) may be exempt.

The law distinguishes between the type of work that involves "the running or servicing of the business," and work such as laboring "on a manufacturing production line or selling a product in a retail or service establishment." …. That is, when an employee is engaged in the core function of a business, his or her task is not properly categorized as administrative. The administrative exemption does not apply where duties do not relate to the "internal management" or "general business operations" of the company, for example like a company's HR department, accounting department, or research department, but rather involve the day-to-day carrying out of the employer's business, i.e. the "production side" of the business and "comprised" the "business' marketplace offerings."

Source:     29 C.F.R. §541.201; *Schaefer-LaRose v. Eli Lilly & Co.,* 679 F.3d 560, 574 (7th Cir. 2012); Opinion Letter Fair Labor Standards Act (FLSA), 2010 WL 1822423, March 24, 2010; *Walsh v. Unitil Serv. Corp.*, 64 F.4th 1, 6 (1st Cir. 2023); *Hendricks v. Total Quality Logistics, LLC*, 694 F. Supp. 3d 1005, 1017-18 (S.D. Ohio 2023); [D.E. 325-1] (2018 DOL Investigative Report and Findings).

Proponent:     _____
Objection:     _____

# INSTRUCTION NO. 5

*Discretion and Independent Judgment*

To qualify for the administrative exemption, the Defendant will have to prove that both the LAET and LAE's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

…

The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources….The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work. An employee who simply tabulates data is not exempt, even if labeled as a "statistician."

An employee does not exercise discretion and independent judgment with respect to matters of significance merely because the employer will experience financial losses if the employee fails to perform the job properly. For example, a messenger who is entrusted with carrying large sums of money does not exercise discretion and independent judgment with respect to matters of significance even though serious consequences may flow from the employee's neglect. Similarly, an employee who operates very expensive equipment does not exercise discretion and independent judgment with respect to matters of significance merely because improper performance of the employee's duties may cause serious financial loss to the employer.

Source:      29 C.F.R. §541.202; *Allemani v. Pratt (Corrugated Logistics) LLC*, 2014 WL 2574536, at \*11 (N.D. Ga. June 6, 2014)

Proponent:   _____
Objection:   _____

## INSTRUCTION NO. 6

*Willfulness*

       If you find that Plaintiffs were misclassified as exempt as either LAETs or LAEs, you must decide whether a willful violation of the overtime law occurred.  To be willful, the employer either knew or showed reckless disregard of whether its classification decision was prohibited by the overtime law.  An internal human resources or payroll department investigation of the overtime law compliance, without more, may constitute a willful violation.

Source:         *Cardenas v. Grozdic*, 67 F.Supp.3d 917 (N.D. Ill. Sept. 9, 2014) (citing McLaughlin v. Richard Shoe Co., 486 U.S. 128, 133 (1988); *Flores v. City of San Gabriel*, 824 F.3d 890, 906-07 (9th Cir. 2016)

Proponent:     _____
Objection:      _____

**INSTRUCTION NO. 7**

*Defendant TQL's Failure to Disclose Certain Information and Documents*

      During this lawsuit, it was found that Defendant failed to disclose certain information and documents. Specifically, Defendant concealed the fact that the Department of Labor investigated Defendant's Tampa location for similar overtime violations as brought by Plaintiffs here, and that Defendant TQL failed to disclose this information to Plaintiffs when it should have.  The jury may consider these facts when determining Defendant's credibility.

Source:         Report and Recommendation dated June 1, 2022 (D.E. 388, p. 13), adopted in part by Memorandum Opinion and Order dated April 15, 2024 (D.E. 419, pp. 15-16)

Proponent:      _____
Objection:      _____