UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**BRIAN HUDGINS, on his own behalf
and on behalf of those similarly
situated,**

      Plaintiffs,                           CASE NO.: 1:16-CV-07331

vs.

**TOTAL QUALITY LOGISTICS, LLC,**

      Defendant.                       /

**<u>PLAINTIFFS' OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS[1]
AND INCORPORATED MEMORANDUM OF LAW</u>**

      Plaintiff, BRIAN HUDGINS, on behalf of himself and the Opt-in Plaintiffs who have joined and remain in this matter (collectively "Plaintiffs"), by and through their undersigned counsel, pursuant to this Court's Order dated February 10, 2020 [D.E. 256], files his Objections to Defendant's Proposed Jury Instructions and Incorporated Memorandum of Law and in support thereof states as follows:

      1.      On February 10, 2020, this Court initially ordered the Parties to exchange proposed jury instructions on February 12, 2020. *See* D.E. 256. The Parties subsequently were able to agree on some instructions and filed initial objections to those instructions which they were unable to agree to.

---

[1] Defendant previously included a proposed verdict form with its prior proposed jury instructions. *See* D.E. 270. This Court's Order instructing the Parties to file their respective proposed Jury Instructions did not include an instruction to file proposed verdict formsTherefore, Plaintiffs intend to file their proposed verdict form with the Final Pretrial Order pursuant to the Northern District of Illinois, Final Pretrial Order Form. *See* Form LR16.1,1, Paragraph 2(h)(ii).

1

2.	After a transfer back to this Honorable Court, this Court ordered the Parties to file updated instructions as well as updated objections to any instruction a Party objected to. *See* D.E. 421.

3.	Plaintiffs file this brief opposing the below listed instructions proposed by Defendant as well as authority for Plaintiffs' opposition.

## ARGUMENT

### I.  This Court Has Discretion Regarding the Language of Jury Instructions

"The district court has discretion in fashioning jury instructions that accurately state the law and do not confuse the jury." *Baptist v. Ford Motor Company*, 2018 WL 1519153, *2 (N.D. Ill. March 28, 2018) (citing *Schobert v. Illinois Dept. of Transp.*, 304 F.3d 725, 729 (7th Cir. 2002). "Jury instructions must be accurate statements of the law that are supported by the facts in the case." *U.S. v. Nichols,* 2019 WL 398775, *38 (N.D. Ill. Jan. 31, 2019) (citing *United States v. Mancillas*, 183 F.3d 682, 707 (7th Cir. 1999). "The Court is free to choose the precise language of jury instructions 'so long as the law is completely and accurately conveyed.'" *Green v. City of Chicago*, 2017 WL 5894203, *7 (N.D. Ill. March 17, 2017) (quoting *Schmitz v. Can. Pac. Ry. Co.*, 454 F.3d 678, 682 (7th Cir. 2006)).

### II.  The Parties Agree on a Vast Number of Instructions

Here, the Parties do agree on a vast number of instructions that they have proposed. Based on mutual headings the Parties used, the Parties agree to the following instructions:

- Introductory Paragraph
- Claims and Defenses
- Order of Trial
- Representative Testimony
- Burden of Proof

- Evidence
- Testimony of Witnesses (Deciding What to Believe)
- Definition of "Direct" and "Circumstantial" Evidence
- Weighing the Evidence
- Rulings on Objections
- Judge's Comments to Lawyer
- Bench Conferences
- Note-Taking – Allowed
- No Transcript Available to Jury
- Questions by Jurors Forbidden
- Judge's Questions
- Jury Conduct
- Cautionary Instruction Before Recess
- Deposition as Substantive Evidence
- Functions of the Court and the Jury
- No Inference from Judge's Questions
- All Litigants Equal Before the Law
- Multiple Collectives
- Deposition Testimony
- What is Not Evidence
- Note-Taking[2]
- Consideration of All Evidence Regardless of Who Produced
- Prior Inconsistent Statements or Acts
- Lawyer Interviewing Witness
- Number of Witnesses
- Absence of Evidence

---

[2] Some instructions are given twice, both before and after the evidence. Since this is a two-week trial, the Parties felt it appropriate to remind the jury of some instructions they had heard before the evidence began.

- Summaries
- Demonstrative Exhibits
- Judicial Notice
- Exemptions in General
- Job Titles Do Not Establish Exemption
- Trainees
- Selection of Presiding Juror, General Verdict
- Communication with Court
- Disagreement Among Jurors

### III. The Parties Disagree on the Following Instructions.

The Parties do not agree on the following instructions. Plaintiffs address each in turn and use the mutual headings the Parties used for ease of reference.

a. Transcript of Recording

Both instructions use the beginning language from Seventh Circuit Pattern Jury Instruction 2.07. Plaintiffs' proposed instruction utilizes the second paragraph of Pattern Instruction 2.07. Plaintiffs will defer to the Court whether its practice is to give the jury a transcript of the recording for them to follow. If so, then Plaintiffs' proposed instruction is more complete and proper. If not, then Plaintiffs can agree to Defendant's proposed instruction here.

b. Expert Witnesses

The Parties both propose a jury instruction involving Expert Witnesses based on Defendant's designation of Malcolm Cohen as an expert witness in this case. Plaintiffs filed a Motion to Strike Malcolm Cohen which Judge Pacold granted in part and denied in part on June 3, 2021. Judge Pacold's decision is memorialized in the Transcript of Telephonic Proceeding filed at (D.E. 420-1, at 42-43). In pertinent part, Judge Pacold held that Dr. Cohen was permitted to provide *factual information* regarding his own in-person *observations* of TQL LAEs and LAETs

but was *not* permitted to provide *opinions* about whether these employees performed exempt job duties. *Id.* In other words, Judge Pacold limited Dr. Cohen's testimony to that of a lay witness.

TQL's Expert Witness instruction is wholly inconsistent with Judge Pacold's decision, unlike Plaintiffs'. Defendant's instruction indicates that Dr. Cohen will be offering an "opinion" which Judge Pacold strictly prohibited. Additionally, Defendant's instruction states that Dr. Cohen's testimony requires special knowledge or skill which is inaccurate because he is only providing factual information regarding his observations of LAEs and LAETs which will likely lead to jury confusion by inferring that Dr. Cohen's is proffering expert opinion, rather than a lay witness testimony as to what he observed as Judge Pacold ruled.

c. Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq. – Generally

Because the 7th Circuit Pattern instructions do not include a Fair Labor Standards Act instruction, Plaintiffs used the 11th Circuit Pattern instruction, which is more complete than Defendant's proposed instructions (which Defendant broke down into the Fair Labor Standards Act instruction, the Administrative Exemption Instruction, and the Primary Duty instruction in its proposed instructions). The 11th Circuit instruction is well-written, thorough and accurately describes the law. It is also consistent with the Department of Labor's conclusions in its Investigative Report and Findings rendered in its 2018 investigation of TQL [D.E. 325-1] as well as recent decisions in the following cases: *Walsh v. Unitil Serv. Corp.*, 64 F.4th 1, 6 (1st Cir. 2023); and *Hendricks v. Total Quality Logistics, LLC*, 694 F. Supp. 3d 1005, 1017-18 (S.D. Ohio 2023).[3]

In the first two paragraphs of the Fair Labor Standards Act instructions, Plaintiffs' proposed instruction more accurately and completely describes the factual situation and clarifies

---

[3] *See also* [D.E. 325] (Plaintiff's Notice of Filing Supplemental Evidence and Authority in Support of Plaintiffs' Proposed Jury Instruction Number 42 and in Support of Plaintiffs' Objections to Defendant's Proposed Jury Instruction Number 43).

5

that there are two distinct classes where the exempt status must be determined. Defendant's instructions lumps the two classes together into one group of "Plaintiffs." This will certainly lead to confusion for the jury, and this Court should use Plaintiffs' proposed instruction which accurately and specifically describes that there are two classes of employees here.

Plaintiffs will address the Administrative Exemption section and the Primary Duty section of his proposed Fair Labor Standards Act instruction in response to Defendant's separate proposed instructions below.

d. Waiver

Plaintiffs proposed a jury instruction on Waiver. Defendant did not include the requested instruction in its proposed instruction. Plaintiffs' proposed instruction accurately summarizes the law, including binding Supreme Court precedent. This proposed instruction is necessary in order to avoid jury confusion if they hear testimony or have the independent belief that employees who don't complain about being owed overtime compensation, or agreed to work overtime hours without being paid overtime compensation, are then not owed overtime compensation. Plaintiffs also included this issue in their Motion in Limine (*see* D.E. 265, pp. 12-13) seeking exclusion of this argument and any related testimony which this Court granted (*see* D.E. 305, at 6). The law is clear an employee cannot waive or even agree not to be paid overtime when they are eligible for overtime. *See Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945). Including Plaintiffs' proposed instruction here accurately and completely instructs the jury as to the law on this issue. Without such an instruction, this erroneous argument and potential belief will go unchecked.

e. The Administrative Exemption

Defendant proposes a separate instruction for the administrative exemption elements while Plaintiffs' administrative exemption instruction is contained within its Fair Labor Standards Act

6

instruction. Plaintiffs' description of the administrative exemption is once again more complete and accurate than Defendant's proposed instruction. Plaintiffs' instruction clearly specifies that there are three separate elements to be considered, defining each one as First, Second and then Third to make it less confusing for the jury to know the three elements. At the end of Plaintiffs' proposed Fair Labor Standards Act instruction, Plaintiffs also more accurately describe that the jury needs to determine elements Two and Three as to <u>both</u> the LAET class and the LAE class, whereas Defendant's proposed instruction appears to lump the two classes together into one determination. Since there are two separate classes of employees here whose exempt status must be determined separately by the jury, Plaintiffs' proposed instruction is more accurate and will lead to <u>less</u> confusion for the jury.

  f. <u>Primary Duty</u>

  Similar to the Administrative Exemption instruction, Defendant proposed a separate Primary Duty instruction while Plaintiffs incorporate the Primary Duty language into their Fair Labor Standards Act Instruction. The beginning of Defendant's proposed instruction largely mirrors Plaintiffs' proposed language, but Plaintiffs' proposed language tracks the Code of Federal Regulations language precisely. *See* 29 C.F.R. § 541.700.

  Defendant's proposed language then includes the following sentence: "An employee's primary duty is that which is of principal importance to the employer, rather than collateral tasks which may take up more than fifty percent of his or her time." This language is <u>not</u> included anywhere in 29 C.F.R. § 541.700, and is an inaccurate portrayal of the law. Defendant relies on two cases in its proposed instruction (*Demos v. City of Indianapolis*, 302 F.3d 698, 705 (7th Cir. 2002) and *Raimondi v. Cent. Dupage Hosp.*, 2017 U.S. Dist. LEXIS 47499, at *11, (N.D. Ill. Mar.

7

30, 2017))[4]  However, such language was based off the *old* pre-2004 FLSA amendments to the Code of Federal Regulations which contained long and short tests for FLSA exemptions.  *Demos* cites to *Reich v. Wyoming*, 993 F.2d 739 at 742 (10th Cir.1993), which in turn cites to *Dalheim v. KDFW–TV*, 918 F.2d 1220, 1227 (5th Cir.1990).  The language in *Dalheim* states, "At least under the *short tests*, the employee's primary duty will usually be what she does that is of principal value to the employer, not the collateral tasks that she may also perform, even if they consume more than half her time."  The long and short tests were abandoned with the 2004 FLSA amendments. As such, this language proposed is based off regulations no longer applicable to the current regulations in use.  As such, that proposed sentence by Defendant is improper and should not be included in the proposed instruction.

Defendant's final paragraph of its proposed instruction tracks the language of 29 C.F.R. 541.700(b).  Since this is an accurate portrayal of the current regulations, Plaintiffs do not oppose this paragraph being added to the instruction.

    g.  <u>Directly Related to Management or General Business Operations</u>

In Defendant's proposed instruction, it largely tracks the language of 29 C.F.R. § 541.201 except for it deletes subparagraph (b) of that regulation.  Plaintiffs' proposed instruction (*see* p. 44 of Plaintiffs' proposed instructions) includes subsection (b).  This subsection is important to include because it gives necessary context to the types of areas of work which typically qualify for the administrative exemption. If this subsection is not included, it could lead to jury confusion about what type of work does or does not qualify for the administrative exemption.  As such, there

---

[4] *Raimondi* simply quotes to *Demos*, thus *Demos* is the source of this clause.

is no reason <u>not</u> to include subsection (b) here since it is an accurate description of the law and more completely instructs the jury.

Plaintiffs' proposed instruction also contains an additional paragraph distinguishing between working in the core function of the business, or working in an administrative support role. This language is drawn directly from Seventh Circuit precedent (*Schaefer-LaRose v. Eli Lilly & Co.,* 679 F.3d 560, 574 (7th Cir. 2012)) and is an accurate portrayal of the law discussing the administrative/production dichotomy within the administrative exemption.[5] Plaintiffs further cite to a relevant Department of Labor Opinion Letter which discusses in detail (with cites to numerous circuit court opinions) the administrative/production dichotomy as it relates to the administrative exemption. Courts may consider "agency opinion letters and interpretations by an agency administrator to the extent that those opinions have the 'power to persuade.' . . . In determining whether such an opinion letter has the power to persuade, we typically examine 'the thoroughness evident in its consideration, the validity of its reasoning, [and] its consistency with earlier and later pronouncements[.]'" *Mendoza v. Sessions*, 891 F.3d 672, 676 (7th Cir. 2018). The DOL opinion letter cited here thoroughly analyzes the relevant issues, cites to and analyzes numerous cases touching on the administrative/production dichotomy, and persuasively sets forth the guiding principles on this issue. This issue has been hotly debated between the Parties, including Plaintiff even citing to this same regulation in his Reply Brief in Support of his Motion for Summary Judgment (*see* D.E. 212, p. 13). Plaintiffs' proposed instruction on this issue is an accurate and complete portrayal of the law relying on Seventh Circuit precedent and persuasive Department of Labor guidance. As previewed above, it is also consistent with the Department of Labor's

---

[5] The Seventh Circuit's recent decision in *Bigger v. Facebook, Inc.*, 947 F.3f 1043, 1053 (7th Cir. 2020) reaffirms this principle discussed in *Schaefer-LaRose*. Any reference by Defendant to *Roe-Midgett v. CC Servs.*, 512 F.3d 865, 872-73 (7th Cir. 2008) is stale and contrary to *Schaefer-LaRose* and *Bigger.*

conclusions in its Investigative Report and Findings rendered in its 2018 investigation of TQL [D.E. 325-1] as well as recent decisions in *Walsh v. Unitil Serv. Corp.*, 64 F.4th 1, 6 (1st Cir. 2023) and *Hendricks v. Total Quality Logistics, LLC*, 694 F. Supp. 3d 1005, 1017-18 (S.D. Ohio 2023). The administrative exemption is one of, if not the most, complicated exemptions. Including the proposed information will assist the jurors in understanding the application of the administrative exemption. As such, this Court should include Plaintiffs' proposed fourth paragraph in this instruction.

      h. <u>Discretion and Independent Judgment</u>

In this instruction, Defendant's proposed instruction is incomplete and misleading because it deletes the majority of the relevant language contained in 29 C.F.R. § 541.202. Defendant includes only the language contained in subsection (a) and ignores the other <u>five</u> subsections of the regulation. Plaintiffs' proposed instruction also includes language from subsections (b), (e) and (f) which are also relevant here. Subsection (b) discusses factors to consider when determining if an employee exercises discretion and independent judgment. Certainly this would be helpful to the jury in its determination and lead to less confusion. Subsection (e)'s language includes how to determine if discretion and independent judgment exist where there is the use of manuals and other well-established techniques. This is a significant issue in this case as the evidence and testimony will show Defendant utilized numerous manuals, industry standards, policies and procedures which Plaintiffs argue severely limited any discretion which Plaintiffs may have exercised. This subsection is critical to include, and if it is not included, it will mislead the jury into thinking the use of such information satisfies the discretion and independent judgment requirement when it does not. Subsection (f)'s language is also helpful to the jury as it gives some examples to explain

the discretion and independent judgment prong and will also lead to less confusion for the jury and more accurately describe the law to them.

Each of the subsections included in Plaintiffs' proposed instruction are accurate and more complete recitations of 29 C.F.R. §541.202. Each is relevant here and should be included. No reasons exist not to include these proposed subsections into the final instruction.

i. <u>Willfulness</u>

This Court should reject Defendant's proposed instruction on willfulness and should adopt Plaintiffs' proposed instruction. Defendant's proposed instruction misstates the law, is not accurate, and is unsupported by the source citations Defendant lists in its proposed instruction. The seminal United States Supreme Court case which analyzes willfulness states that willfulness occurs when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richard Shoe Co.*, 486 U.S. 128, 133 (1988). *McLaughlin* does not contain any of the other language proposed by Defendant in its proposed instruction.

Defendant's proposed language is not contained within *Tomeo v. W&E Communs., Inc.*, 2016 WL 8711483 (N.D. Ill. Sep. 30, 2016). In *Tomeo*, the district court cited to the above language from *McLaughlin*, and then cited to an additional Code of Federal Regulations section which "define reckless disregard to mean the 'failure to make adequate inquiry into whether conduct is in compliance with the Act.'" *Id.* at *13 (citing 5 C.F.R. § 551.104). In the willfulness section of the opinion, *Tomeo* in no way supports the language now proposed by Defendant. It appears Defendant may be trying to use some of the "reasonable belief" standard language stated in *Tomeo*, but that is misleading and inaccurate because the reasonable belief standard is what is used to decide <u>liquidated damages</u> under the FLSA, not willfulness. *See Tomeo,* 2016 WL at *13-

14 (discussing reasonableness standard as it pertains to liquidated damages under the FLSA). As such, Defendant's proposed language is completely unsupported by the source citations listed and inaccurately states the standard for willfulness utilized in FLSA matters.

Plaintiffs' proposed language regarding willfulness accurately quotes the *McLaughlin* standard espoused by the Supreme Court. Plaintiffs' proposed language also contains a clause related to a Ninth Circuit decision which holds that an internal human resources investigation does not alone constitute a non-willful violation of the FLSA. Plaintiffs include this language so that the jury is clear such an investigation by itself does not defeat a willfulness claim. The jury will have to hear all the facts, including the facts of the investigation, to determine whether the *McLaughlin* standard is met. For these reasons, this Court should adopt Plaintiffs' proposed language on willfulness in its entirety.

## **CONCLUSION**

This Court should utilize Plaintiffs' proposed jury instructions where the Parties disagree as described above. Overall, Plaintiffs' proposed instructions more accurately and completely describe the applicable law at issue in this case. Some of Defendant's contested instructions needlessly delete relevant sections of the Code of Federal Regulations and some are unsupported by the authorities listed by Defendant. Plaintiffs' proposed instructions will better assist the jury in determining this matter.

Dated: July 22, 2024 Respectfully submitted by,

*/s/ Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
Florida Bar No.: 0025871
C. Ryan Morgan, Esq.
Florida Bar No.: 0015527
MORGAN & MORGAN, P.A.

        20 N. Orange Ave., Suite 1600
        Orlando, FL 32801
        Telephone:   (407) 420-1414
        Facsimile:    (407) 245-3383
        Email:  kimd@forthepeople.com
                rmorgan@forthepeople.com
        Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the foregoing has been furnished to the Clerk of the Court using the CM/ECF System which I understand will send electronic notice to all counsel of record, this 22nd day of July, 2024.

        */s/ Kimberly De Arcangelis*
        Kimberly De Arcangelis, Esquire